LOUIS HERSKOWITZ
(Palms Restaurant)
*vs.*
AIR DISTRIBUTORS, INC.

Court of Common Pleas    Fairfield County    File No. 42985

MEMORANDUM FILED APRIL 29, 1942.

*Lavery & Lavery,* of Bridgeport, for the Plaintiff.

*Goldstein & Bracken,* of New Haven, for the Defendant.

Memorandum of decision on demurrer to special defense.

FITZGERALD, J. The above action was instituted by writ, summons and complaint dated December 23, 1941, served without attachment being made on December 24, 1941, and returned to this court on the first Tuesday of January, 1942. The complaint is in one count, and, in substance, plaintiff therein claims damages of the defendant corporation for breach of an alleged written contract executed by the parties *de* certain guarantees respecting the installation by defendant of an air conditioning system in plaintiff's restaurant. Three paragraphs of the complaint merit quoting:

"11. The plaintiff constantly complained to the defendant by telephone or through his attorney to have the air conditioning unit fixed up or made serviceable but the defendant has failed to remedy the complaints.

"12. The plaintiff paid $325.00 upon the signing of the contract and paid the further sum of $650.00 upon delivery of the equipment but has refused to pay the balance of $325.00 due to the fact that the apparatus and work performed by the defendant was not in compliance with his contract and warranty and the plaintiff has not accepted the same.

"13. The plaintiff has heretofore offered to return said apparatus and its connecting fixtures to the defendant in the same condition as it was installed by the defendant and has asked for the return of the monies paid thereon by said plaintiff but the defendant has failed, neglected and refused to do anything with regard to the same."

Defendant's answer contains two special defenses, the second of which has been productive of the demurrer now under consideration. The second special defense alleges: (1) that the defendant corporation "is in process of voluntary dissolution with the directors acting as trustees, as provided by the stat-

utes of Connecticut"; (2) that plaintiff "did not file any claim with the directors and trustees of the defendant corporation, as required by statute and within the time fixed by said trustees"; and (3) that plaintiff "neither filed such claim....nor was the plaintiff given any notice of disallowance of such claim before the institution of the instant action."

Plaintiff has demurred to the second special defense on the sole ground that the allegations therein do "not constitute a defense by reason of Section 3474, General Statutes, Revision of 1930, which reads in part 'nothing herein contained shall prevent any person from establishing any claim against such corporation by an action at law'."

The question presented by the interposed demurrer, therefore, is narrow.

Sections 3470 to 3475, inclusive, of the General Statutes, Revision of 1930 (§3471 being amended by Supp. [1939] §1133e, in a respect not material), deal with matters relating to a "voluntary dissolution" of a Connecticut corporation.

Section 3470 describes the method of "voluntary dissolution."

Section 3471 confers upon the directors the status of "trustees to close up the business of such corporation" and provides, among other things, the following: "They [directors] shall, within two weeks after the date of the stockholders' vote of confirmation or agreement to dissolve the corporation, send a written notice of the proposed dissolution to each known creditor of such corporation warning him to present his claim and stating to whom and at what place such claim may be presented. They [directors] shall, in such notice, limit the time within which such claims shall be presented, which shall not be less than four months after the date of such stockholders' vote or agreement. They [directors] shall also publish, in some newspaper published in this state and having a circulation in the town where such corporation is located, a copy of such notice."

Section 3472 confers a *discretionary power* upon the directors to apply to the Superior Court, or a judge thereof, if said court is not in session, "to limit a period within which all claims against such corporation shall be presented, and said court or such judge may make an order limiting the time.

within which claims shall be presented, which shall not be less than four months from the date of such order."

Section 3473, captioned "WHEN CLAIMS BARRED", reads: "All claims not presented within the time limited in accordance with the provisions of sections 3471 and 3472 shall be barred, and any claim so presented and disallowed by such trustees [directors] shall be barred unless the owner thereof shall commence an action to enforce the same within four months after such trustees shall have given him written notice of its disallowance."

Section 3474, so far as is pertinent to the question presented by the interposed demurrer under consideration, expressly prohibits a creditor "by attachment or by any process or proceeding" to interfere "with the custody, control or disposition of the property of the corporation by its directors acting as trustees for the winding up of the corporate affairs;" and concludes (last sentence thereof) as follows: "Nothing herein contained shall prevent any person from establishing any claim against such corporation by an action at law, or shall prevent the foreclosure of any lien or mortgage existing at the time of such vote or assent to dissolve."

The court is of the opinion that the first part of the last sentence of section 3474 ("Nothing herein contained shall prevent any person from establishing any claim against such corporation by an action at law") is broad enough to permit a creditor to bring a direct action against a corporation in voluntary dissolution without first presenting a claim to its directors and awaiting notice of disallowance, providing (a) such action was in fact brought within the time limited for presentation of claims, and (b) such action was not commenced by attachment of assets. Sections 3473 and 3474 must be read together and not as separate statutory units. "Under statutes requiring presentment of a claim in order to sue, the bringing of the action is a sufficient claim unless the terms of the statute require a presentment with an interval before suit is begun." 9 *Fletcher, Cyclopedia Corporations* (Perm. ed.) §4269, p. 65.

But how can the court pass upon the limits of the question presented by the interposed demurrer in this case? The complaint does not specify the date when the alleged contract was executed between the parties. Neither does the complaint al-

lege the date when breach thereof is claimed to have occurred, or to have become known to plaintiff.

So also, the special defense under consideration is equally vague on material points. It does not specify the date when the defendant corporation allegedly commenced voluntary dissolution. Neither does it allege that its directors, acting as trustees, complied with the requirements outlined in section 3471, or adopted the course permitted by section 3472.

For aught that appears, it may well be that plaintiff's claim, or right of action, did not accrue until *after* the commencement of voluntary dissolution and limitation of notice to creditors. If this should be the situation, the court might well conclude that the statutory requirement of notice to creditors (§3471 or §3472) by the directors of the defendant corporation, or Superior Court or Superior Court judge, has no application in this case and hence the subject matter of sections 3473 and 3474 is of no particular importance in view of this aspect. See the broad scope of section 3373 not heretofore considered in this memorandum, and *Reilly vs. Pepe Co.,* 108 Conn. 436, 442.

As pointed out in the foregoing, however, the allegations of the complaint and special defense lack sufficient statement of subordinate facts. The court cannot, in justice to the parties, assume the existence or nonexistence of material facts not pleaded, yet which are vital by way of allegation to the end that a yardstick may be applied to measure the length, width and breadth of the question of law that may control the entire case.

Neither the sustaining nor overruling of the demurrer on file would accomplish the desired end at this time. Both the complaint and the second special defense require a revamping to comply with the rules of good pleading. It is important that trial courts determine questions of law correctly. It is equally important that counsel lay the foundation for a correct determination of the law. The question of law herein presented cannot be properly determined in view of omissions in the pleadings preceding the demurrer. This is a matter for counsel to rectify. When rectified, the court will be in a position to perform its duty.

Plaintiff is given leave by the court to withdraw his demurrer without prejudice so that all pleadings (complaint,

answer and special defenses) may be put into proper shape for further consideration, either upon demurrer or otherwise, at a later date.

This disposition is deemed appropriate in the light of the foregoing analysis and observations.